FILED'08 OCT 14 15:11 USA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

ROBERT ROBINSON,                     )
                                     )
                                     )
              Plaintiff,             )        Civil No.07-1494-AA
                                     )        OPINION AND ORDER
       v.                            )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
              Defendant.             )

TIM WILBORN
P.O. Box 2768
Oregon City, OR 97045
       Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

KATHRYN A. MILLER
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
       Attorneys for Defendant

AIKEN, Judge:

Plaintiff Robert Robinson ("Robinson") seeks judicial review of the Social Security Commissioner's final decision denying his application for benefits under Title II of the Social Security Act (the "Act"). This court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision should be REVERSED and REMANDED for the reasons below.

## BACKGROUND

Born in 1961, Robinson has a high school education. Tr. 65, 85.[1] Between 1979 and 2001 Robinson worked as a heavy equipment driver, lab technician, and truck driver. Tr. 80-81. Robinson applied for DIB on December 2, 2004, alleging disability since October 2000. Tr. 65. Robinson alleges disability due to back, neck, and knee impairments, as well as carpal tunnel syndrome, urinary difficulties, and depression. Tr. 79.

The Commissioner denied Robinson's application initially and upon reconsideration. Tr. 37-39, 41-45. An Administrative Law Judge ("ALJ") held a hearing on February 26, 2007 (tr. 507-638), and subsequently found Robinson not disabled. Tr. 18-29. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 5-7.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity.

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on December 10, 2007 (Docket #6).

If she is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ

determines if the claimant has "a severe medically determinable physical or mental impairment"

that meets the twelve month duration requirement. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). If

the claimant does not have such a severe impairment, he is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a

"listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is

determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other

relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The

claimant's RFC is an assessment of work-related activities the claimant may still perform on a

regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §

404.1520(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant

work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant

work, he is not disabled. If the ALJ finds that the claimant's RFC precludes performance of his

past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing

work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d

1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f). If the claimant cannot

perform such work, he is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at

1098.  If the process reaches the fifth step, the burden shifts to the Commissioner to show that

"the claimant can perform some other work that exists in the national economy, taking into

consideration the claimant's residual functional capacity, age, education, and work experience."

*Id.* at 1100.  If the Commissioner meets this burden the claimant is not disabled.  20 C.F.R. §§

404.1520(g), 404.1566.

## THE ALJ'S FINDINGS

The ALJ found Robinson's impairments severe in combination.  Tr. 21.  These

impairments include degenerative disc disease at C5-C7, bulging discs at C3-C6, spondylosis and

facet arthrosis at C-7, degenerative facet arthrosis between L3 and S1, left arm carpal tunnel

syndrome with ulnar nerve sublaxtion, right arm carpal tunnel syndrome, left and right hand

trigger fingers, and right knee degenerative arthritis.  *Id.*  Here the ALJ noted Robinson's surgical

history regarding both his hands and his right knee.  *Id.*  The ALJ found Robinson's bladder

impairment and depression non-severe.  *Id.*

The ALJ found that Robinson's impairments in combination did not meet or equal a

listed disorder.  Tr. 22.  The ALJ assessed Robinson's RFC:

> The claimant has cervical, lumbar and knee impairments that limit
> him to over [sic] a period of eight hours to sitting, standing and/or
> walking each six hours with the opportunity to change sitting and
> standing position every 20 to 30 minutes when sitting and every 15
> to 25 minutes when standing or walking.  There should be no
> climbing of ladders, ropes or scaffolds and occasional climbing of
> ramps, stairs, stooping, kneeling, crouching and crawling.  There
> should be occasional fingering and handling.

Tr. 23.  The ALJ found that this RFC precluded performance of Robinson's past relevant work,

but allowed performance of a significant range of work in the national economy.  Tr. 27-28.  The

ALJ therefore found Robinson not disabled.  Tr. 29.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the

record.  42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359

F.3d 1190, 1193 (9th Cir. 2004).  This court must weigh the evidence that supports and detracts

from the ALJ's conclusion.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing

*Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)).  The reviewing court may not substitute its

judgment for that of the Commissioner.  *Id.* (citing *Robbins v. Social Security Administration*,

466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001).  Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading.  *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Robinson contends that the ALJ erroneously evaluated his testimony.  Robinson also

contends that the ALJ erroneously relied upon vocational expert testimony at steps four and five

of the sequential proceedings.

## I.     Credibility

### A.     Credibility Standards

Once a claimant shows an underlying impairment which may "reasonably be expected to

produce pain or other symptoms alleged," the ALJ must provide "specific, clear and convincing"

reasons for finding a claimant not credible.  *Lingenfelter*, 504 F3d 1036 (citing *Smolen v. Chater*,

80 F3d 1273, 1281 (9th Cir 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F3d 748, 750 (9th Cir 1995) (citing *Bunnell v. Sullivan*, 947 F2d 341, 345-46 (9th Cir 1991) (*en banc*)). The ALJ may consider physician reports and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant establishes an impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F3d at 883.

**B.    Analysis**

The ALJ found Robinson initially credible (tr. 20), but concurrently concluded that Robinson "has overstated his symptoms." Tr. 27. The court first notes that these findings are internally contradictory.

The ALJ also stated that "due to a lack of objective medical evidence supporting [Robinson's] claims, the undersigned has accepted the claimant's . . . allegations only to the extent consistent with [Robinson's] residual functional capacity." Tr. 27. The Commissioner infers that the ALJ applied the correct standard, noting that "insofar as RFC limitations must be supported by medical and other evidence of record, this Court should reject Plaintiff's unsupported assertions." Def.'s Br. 16. The reasoning fundamentally contradicts the

Commissioner's regulations: the ALJ must assess a claimant's testimony before making a final RFC determination. 20 C.F.R. § 404.1520(e). The ALJ's finding that Robinson is not credible because his testimony does not support the ALJ's RFC assessment reverses the proper sequence of analysis and is not sustained.

The court now addresses the ALJ's remaining credibility findings.

a.    **Medical Record**

The ALJ's credibility analysis first stated that "there is simply not enough objective medical evidence to make the claimant's allegations readily believable." Tr. 27. In support of this proposition, the ALJ cited the medical record at four instances.

The ALJ first discussed Robinson's cervical spine imaging studies and clinical history. Tr. 25. The ALJ reasoned that because the only "definitive cause of the claimant's alleged symptoms" is bilateral facet arthropathy, soft tissue pain, and deconditioning, "there is reason to be cautious in accepting the claimant's allegations that this cervical condition is debilitating." *Id.* The ALJ concluded that "based on the unremarkable longtitudinal perspective" he could not find Robinson "limited beyond sedentary exertion." *Id.*

The ALJ next addressed Robinson's back pain. After noting Robinson's clinical and surgical history, the ALJ concluded, "given these modest diagnostic findings, a restriction to sedentary work amply addresses this lumbar spine impairment." Tr. 25. Regarding Robinson's carpal tunnel and trigger finger impairments, the ALJ concluded that he "incorporated the manipulative restrictions in [Robinson's] RFC only by affording the claimant the benefit of the doubt." Tr. 26.

The ALJ subsequently addressed Robinson's knee pain and surgical history. Tr. 26. Here the ALJ inferred that Robinson failed to follow recommended treatment and concluded that he "partially" accepts Robinson's testimony and thus restricted him from "climbing ladders, ropes, or scaffolds, and only occasional climbing of ramps, stairs, stooping, kneeling, crouching and crawling." Tr. 26. The ALJ did not assess whether Robinson's knee impairment would preclude standing or walking.

While the ALJ may consider the medical record in concert with other credibility factors, it is well established he may not reject a claimant's symptom testimony simply because it the medical evidence does not establish that the claimant experienced the degree of pain he asserts. 20 C.F.R. § 404.1529(c)(2); *Robbins*, 466 F3d at 883; *Bunnell*, 947 F.2d at 347. The Ninth Circuit has clearly stated that "[w]e cannot conclude that Congress intended to require objective medical evidence to fully corroborate the severity of pain while aware of the inability of medical science to provide such evidence." *Bunnell*, 947 F.2d at 347.

Here the ALJ acknowledged that Robinson has established a "severe" impairment, and then repeatedly and explicitly looked to the medical record for corroboration of Robinson's symptom testimony. This analysis cannot be sustained.

**b.    Robinson's Statements and Activities**

The ALJ found that Robinson made inconsistent statements regarding his fatigue and his daily activities. Tr. 27. The ALJ first found that Robinson submitted statements to the record describing fatigue but found that Robinson reported fatigue to medical providers only in conjunction with his depression, which the ALJ found had improved. *Id.* This reasoning does

not establish that Robinson no longer experiences fatigue.

The ALJ also noted that Robinson testified he could walk "just 25 minutes at a slow pace," but also stated that he could walk up to one mile without rest. Tr. 27. The ALJ's citation shows that Robinson in fact indicated that he could "occasionally" walk "½ - 1 mile" without resting. Tr. 148. These statements are not inherently contradictory and the ALJ's reasoning that these statements establish an inconsistency is not sustained.

The ALJ also found a contradiction between Robinson's statement that he no longer bicycled and his lay witness testimony establishing that Robinson bicycled "every other week for up to one mile." Tr. 27. The record shows that Robinson indicated that he no longer could bicycle as an activity or hobby. Tr. 145. Robinson's wife, Anastasia Robinson, indicated that bicycling is an "interest" of Robinson's and that he bicycles, "maybe once every other week or so just around the neighborhood (½ - 1 mile)." Tr. 132. This statement does not establish that Robinson regularly bicycled up to one mile biweekly, and that such activity rendered Robinson's initial submission that he could no longer bicycle false.

Finally, the ALJ found Robinson's activities of daily living inconsistent with his allegation of disability. The ALJ noted that Robinson does laundry, household chores, and shops on a weekly basis, as well as prepare meals and drive a car. Tr. 27. The ALJ also noted that Robinson mows the lawn biweekly and does yard work. *Id.* The ALJ noted that Robinson "is able to pay attention as long as necessary and has no problems following written as well as spoken instructions." *Id.* Finally, the ALJ noted that Robinson reads daily and fishes a few times a year. *Id.*

9 - OPINION AND ORDER

The ALJ's indicated citations show that Robinson concurrently stated that he needs to lie down due to pain in the course of the day. Tr. 136. Robinson testified that he lays down in the course of the day to relieve pain and that he at times is unable to perform household chores because he must lay down. Tr. 607-08. Contrary to the Commissioner's submission, Robinson's testimony is thus consistent, rather than inconsistent, with Robinson's reported daily activities.

In conclusion, the court notes that the ALJ may make "inferences reasonably drawn" from the record. *Batson*, 359 F.3d at 1193. However, the ALJ's present inferences regarding Roberston's statements and activities rely upon contradictions unsupported by the record. This court cannot sustain such inferences.

### C.    Credibility Conclusion

Finally, the court notes that the ALJ restricted Robinson to sedentary work twice in his analysis (tr. 25), but construed an RFC assessment that included "standing and/or walking" up to six hours "each" in the course of an eight hour shift. Tr. 23. This RFC is incompatible with the sedentary restrictions the ALJ previously identified. This reasoning is unsustainable in addition to the errors articulated above.

The ALJ's credibility determination is reversed for all of the reasons above. Because this finding establishes disability, the court will not address further arguments.

### CONCLUSION

The ALJ erroneously evaluated Robinson's symptom testimony. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of

the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038

(2000). The issue turns on the utility of further proceedings. A remand for an award of benefits

is appropriate when no useful purpose would be served by further administrative proceedings or

when the record has been fully developed and the evidence is not sufficient to support the

Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

 Under the "crediting as true" doctrine, evidence should be credited and an immediate

award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for

rejecting such evidence, (2) there are no outstanding issues that must be resolved before a

determination of disability can be made, and (3) it is clear from the record that the ALJ would be

required to find the claimant disabled were such evidence credited." *Harman,* 211 F.3d at 1178

(quoting *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996). The "crediting as true" doctrine is

not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether

to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*,

340 F.3d 871, 876 (9th Cir. 2003).

 Correction of the ALJ's errors resolves all issues and compels a determination of

disability, demonstrating that further proceedings would serve no useful purpose. Here, the ALJ

erroneously rejected Robinson's testimony. If credited, the limitations Robinson describes

establish disability. Specifically, Robinson stated that he requires rest after a "couple of hours"

of activity "due to pain." Tr. 136. Robinson also testified that lays flat due to back and neck pain

approximately five hours per day. Tr. 607.

 The vocational expert subsequently testified an individual with this limitation would be

11 - OPINION AND ORDER

unable to perform work in the national economy at step five. Tr. 634. Because this is a

sufficient finding to establish disability if the improperly rejected evidence is credited as true,

this court exercises its discretion and remands for an award of benefits.

For these reasons, this Court REVERSES the Commissioner's final decision and

REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and

award of benefits consistent with this opinion.

IT IS SO ORDERED.

Dated this _____14_____ day of October  2008.

_____
Ann Aiken
United States District Judge

12 - OPINION AND ORDER